Robert S. White, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 5, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Timothy P. O'Brien,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 12, 1978:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) denying unemployment benefits to the petitioner. The Bureau of Employment Security (Bureau) had awarded benefits to the petitioner, but on appeal the referee reversed. We affirm the Board.

Claimant was employed by Wright Pontiac, Inc., until April 11, 1975. He was discharged on that date, and then applied for unemployment compensation. The Bureau, which was later affirmed by both the referee and the Board, denied claimant's application on the grounds of willful misconduct. No appeal was taken from the Board's decision in that matter, the decision having been rendered on August 5, 1975.

On November 7, 1975, claimant received an award from the National Labor Relations Board (NLRB) in the amount of $3,500.00. This award was issued pursuant to a settlement agreement, under the terms of which claimant did not return to work for his former employer. Claimant then reapplied for unemployment benefits on November 10, 1975. The Bureau granted claimant's request for benefits, relying on Section 401(f) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(f). The referee reversed this determination, and on appeal the Board affirmed.

Section 401 of the Law, reads in relevant part as follows:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

(f) Has earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b), 402(e) and 402(h) of this act, remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate irrespective of whether or not such services were in 'employment' as defined in this act. . . .

The first issue which thus confronts us is whether the award given petitioner by the NLRB constitutes remuneration for services, so as to purge the petitioner of his earlier, disqualifying conduct.

Petitioner seeks to characterize the award in question as a "back pay" award. Petitioner would then rely on *Social Security Board v. Nierotko,* 327 U.S. 358 (1946), wherein the United States Supreme Court held that a "back pay" award from the NLRB is to be treated as wages under the provisions of the Social Security Act, 42 U.S.C. §301 et seq.

We believe that the award given petitioner in the present case is properly characterized as back pay, and as such constitutes remuneration for services within the meaning of Section 401(f) of the Law. The notice to employees posted at the direction of the NLRB, pursuant to the settlement agreement, stated in part as follows:

WE [Wright Pontiac, Inc.] WILL make Robert S. White, Jr. whole for the loss of pay suffered as a result of alleged discrimination against him by payment to him of $3,500.00 which includes interest at 6 percent per annum.

. . .

Similarly, a letter sent to the petitioner from the NLRB treated the award as being an award of back pay. Both of these factors support our conclusion that

the award in question was one of back pay. The issue of whether an award of back pay constitutes remuneration for services has never been decided in this jurisdiction. We conclude that it is.

Having ruled that petitioner has purged himself of his earlier, disqualifying conduct, we must still decide whether he is entitled to benefits on the basis of his second application for unemployment compensation. This is because Section 401(f) merely operates to decide which set of circumstances will be considered in determining the validity of an application for unemployment benefits. Petitioner does not make himself eligible for benefits merely by purging himself of his earlier, disqualifying conduct.

In this case, petitioner voluntarily chose not to continue in an employment relationship with Wright Pontiac, Inc. The notice posted pursuant to the settlement agreement provided in part as follows:

> White does not desire to be reinstated to his former or substantially equivalent position of employment and, if offered, would not accept such reinstatement.

This makes it clear that petitioner voluntarily terminated his employment within the meaning of Section 402(b)(1) of the Law, 43 P.S. §802(b)(1). As there is nothing in the record which would support any finding of necessitous and compelling reasons for this termination, we must affirm the Board's decision to deny benefits to the petitioner. In this regard, we would note that by virtue of the award of back pay the employment relationship between petitioner and Wright Pontiac, Inc., did not terminate until the date of the settlement agreement, at which time petitioner declined to work for his employer.

Claimant would now attempt to have us accept that part of the approved settlement that states the amount

awarded was back pay as binding but seeks to disclaim and have us reject that part that declares that he did not desire to be reinstated to his old position. This he cannot do.

Accordingly, we will enter the following

ORDER

AND Now, June 12, 1978, the decision of the Unemployment Compensation Board of Review, No. B-76-7-H-20, dated October 4, 1976, is affirmed.